UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

KAYRA LYNN BISHOP,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

## COMPLAINT

Plaintiff, KAYRA LYNN BISHOP, through undersigned counsel, sues Defendant, CARNIVAL CORPORATION, and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. 1332 (a)(1) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between the parties. In the event this matter does not come under diversity jurisdiction of the Court, Plaintiff shall proceed under admiralty jurisdiction.

2. Plaintiff, Kayra Lynn Bishop, at all times material hereto is and was a citizen of the State of TX.

3. Defendant, CARNIVAL CORPORATION, is a foreign corporation with its principal place of business in the State of Florida. At all times material, CARNIVAL CORPORATION, was authorized to and conducted business in the State of Florida. Defendant has sufficient minimum contacts with Florida, or otherwise intentionally availed itself of the consumer markets within Florida to render the exercise of jurisdiction by Florida courts permissible under traditional notions of fair play and

substantial justice. Indeed, the Passenger Ticket Contract that CARNIVAL CORPORATION provided to Plaintiff included a forum selection clause that mandated that any litigation should be pursued before the United States District Court of the Southern District of Florida in Miami. A copy of the Contract is in the possession of Defendant and will be produced through discovery.

4.  The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTUAL ALLEGATIONS

5  Plaintiff readopts, realleges and incorporates the allegations in paragraphs 1 through 4 as though alleged herein.

6.  At all times material, Defendant, CARNIVAL CORPORATION, owned, operated, managed, maintained and/or controlled the cruise vessel "Vista".

7.  Plaintiff, Kayra Lynn Bishop, boarded Defendant's vessel for a cruise.

8.  While on the cruise, on or about May 24, 2019, Plaintiff slipped and fell due to a wet and slippery foreign substance while walking on stairs on Defendant's vessel.

9.  As a result of the fall, Plaintiff sustained severe bodily injury.

## Count I
## Negligence

10.  Plaintiff readopts, realleges and incorporates the allegations in paragraphs 1 through 9 as though alleged herein.

11.  At all times material, Defendant owed Plaintiff the duty to use reasonable care under the circumstances.

12.  Defendant breached its duties to Plaintiff in one or more of the following respects, including but not limited to:

    a.  Failing to exercise reasonable care in maintaining the stairs;

   b. Failing to adequately conduct inspections to ensure that a dangerous, hazardous and unsafe condition such as a slippery substance did not exist on the stairs;

   c. Failing to warn Plaintiff that the stairs were unreasonably slippery;

   d. Failing to remove all foreign substances from the stairs;

   e. Failing to periodically and properly check the stairs so as to clean and remove the foreign substance;

 13. Defendant had actual knowledge of the dangerous condition; or if Defendant lacked such actual knowledge, this dangerous condition existed for such a length of time that, in the exercise of ordinary care, Defendant, CARNIVAL CORPORATION, should have known of the condition should have known of it; or in the alternative, the condition occurred with regularity and was therefore foreseeable.

 14. That this condition was not readily apparent to someone who could get injured, such as Plaintiff.

 15. At all times material, Defendant had exclusive custody and control of the area where Plaintiff was injured.

 16. As a direct and proximate result of the foregoing negligence of Defendant, Plaintiff, Kayra Lynn Bishop, suffered bodily injury and resulting pain and suffering, aggravation of a pre-existing condition, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of wages. The losses are either permanent and/or are continuing in nature and Plaintiff will suffer loss and impairment in the future.

 **WHEREFORE**, Plaintiff, Kayra Lynn Bishop, demands judgment against Defendant, CARNIVAL CORPORATION, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Signed this 7th day of January, 2020.

                Respectfully Submitted,

                **LAW OFFICES OF JASON TURCHIN**
                Attorney for Plaintiff
                2883 Executive Park Drive
                Suite 103
                Weston, Florida 33331
                Telephone:   (954) 659-1605 x216
                Facsimile:    (954) 659-1380

By: */s/ Sara Schafer, Esq.*
     SARA SCHAFER, ESQ.
     Florida Bar No. 84455
     JASON TURCHIN, ESQ.
     Florida Bar No. 585300